Commonwealth, Appellant, *v.* Parish.

Argued April 12, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT and ERVIN, JJ. (RHODES, P. J. and WOODSIDE, J., absent).

*Harry A. Estep,* with him *Charles D. Coll,* Deputy Attorneys General, and *Frank F. Truscott,* Attorney General, for appellant.

*Earl F. Reed,* with him *Kenneth G. Jackson, Herbert B. Sachs* and *Thorp, Reed & Armstrong,* for appellees.

OPINION BY GUNTHER, J., July 13, 1954:

Daniel Parish, Michael H. Parish, and Allegheny Asphalt and Paving Company, Inc., were indicted at No. 34 February Sessions, 1951, Court of Quarter Sessions of Allegheny County, for bribery of Thomas E. Kilgallen, President of Council of the City of Pittsburgh. Defendants filed motions to quash. The Attor-

ney General filed motions to amend the indictment to bring the defendants within the exceptions to the general two-year statute of limitations. The court after hearing arguments on both motions entered an order quashing the indictments, setting forth its reason, namely, that the crime charged occurred more than two years prior thereto and that the statute of limitations had therefore expired.

The Commonwealth contends that it should have been permitted to amend the indictment to show facts which would indicate that the statute of limitations in this instance was six years, and not two years. This argument is based on two statutes relating to limitations. The first is the Act of April 6, 1939, P. L. 17, § 1, 19 PS § 211, which provides ". . . And provided also, That indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed . . .". The quoted provision follows the section which admittedly provides a two-year limitation for the crime of bribery. It is contended that since the defendants, Daniel Parish and Michael H. Parish, were officers of the defendant corporation, they are indictable within six years under the above statute. Also, the Act of May 16, 1945, P. L. 582, §1, 19 PS §213, provides: "Indictments for felonies or misdemeanors committed by any officer, director, receiver, superintendent, manager, broker, attorney, agent, employe or member of any bank, body corporate or public company, municipal or quasi-municipal corporation may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed. The provisions of this section shall not be construed so as to apply to indictments for any felony or misdemeanor other than those as to which any of

the foregoing relationships to a bank, body corporate or public company, or municipal or quasi-municipal corporation, is an essential element of the crime."

It is clear from the record that the court below considered this question as if the indictment had been amended to show that the individual defendants were officers of the corporation. The only question of this appeal, then, is whether such facts may be sufficient to extend the statute of limitations to six years for this crime.

The Act of 1945 is clear in requiring that the six-year period be applicable only where the relationship of officer, director, etc. to a corporation is "an essential element of the crime." This obviously refers to such crimes as embezzlement where the corporate capacity of the accused is part of the nature of the crime. *Commonwealth v. Hayden,* 72 D. & C. 75. It is patent that bribery can be committed by anyone, regardless of his relationship to a corporation or whether he may be seeking favors through or on behalf of a corporation. The purpose of this six-year provision is to give enforcement agencies more time to apprehend those who are in peculiarly good position to conceal their crimes for periods longer than the average criminal.

The Act of 1939, cited above, also provides for a six-year limitation for certain crimes committed by corporate officers, but fails to contain the added proviso of the Act of 1945 that the relationship must be an essential element of the crime. The omission is no help to appellant, for the purpose is obviously the same. *Commonwealth v. Hayden, No. 2,* 73 D. & C. 290. To construe the Act of 1939 otherwise would be to sanction a most unusual discrimination against those who happen to be officers of corporations. It can hardly be argued that the legislature intended a longer period

of limitations in respect to crimes in general for just one class of persons based on employment.

The indictment, even as amended, reveals on its face, therefore, a crime more than two years old for which the statute of limitations is but two years. No evidence introduced by the Commonwealth could overcome the inadequacy of the indictment. The court below did not err in granting the motion to quash.

Order affirmed.