## Commonwealth *v.* Kuhn, Appellant.

650

Argued March 19, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*D. C. Harrison*, for appellant.

*Burton Satzberg*, Assistant District Attorney, with him *Charles Jay Bogdanoff, Gordon Gelfond* and *Arlen Specter*, Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., April 18, 1963:

Defendant was tried before a judge and a jury and found guilty on two bills of indictment, No. 1647 and No. 1648, June Term, 1961, in the Court of Quarter Sessions of Philadelphia County, charging larceny and receiving stolen goods. Sentence was suspended on bill No. 1647. The appeal to this Court is from the sentence

imposed on bill No. 1648 for a term of not less than two years nor more than four years to begin at the expiration of the sentence defendant was presently serving.

In substance, the sole question raised on appeal is whether the Commonwealth's evidence showed the commission of the crimes charged within the applicable statutory period prior to the finding of the indictment. The indictment at No. 1647, on which a true bill was returned on June 26, 1961, alleged the crimes as occurring "on or about May 5, 1959, . . . and on divers dates thereafter continuing to and including June 26, 1959." The indictment at No. 1648, returned on June 26, 1961, charged the offenses as occurring on June 26, 1959.

Defendant's preliminary motion to quash the indictments was refused. However, defendant filed no post conviction motions in the court below and did not raise the questions on which he now seeks an adjudication in this Court. It is well settled that matters not raised in the court below will not ordinarily be considered for the first time on appeal. *Com. v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530; *Com. v. Gomori,* 192 Pa. Superior Ct. 325, 330, 161 A. 2d 649; *Com. v. Clark,* 198 Pa. Superior Ct. 64, 67, 181 A. 2d 859. In any event, we are satisfied that the Commonwealth's evidence showed the commission of the crimes charged with reasonable certainty and within the applicable statutory period.

At the trial, Milton Shaw, security officer for Progress Manufacturing Company, Philadelphia, testified that the records showed defendant was employed by that company as an electrician from May 5, 1959, to June 26, 1959; that an inventory taken at the plant covering a period from June 1 to December 31, 1959, disclosed over 5,000 units of intercoms and lighting fixtures missing. The Commonwealth called Detective Collins who testified to an interview with defendant on December 11, 1960, at Warminster, Pennsylvania,

wherein defendant admitted working as an electrician for Progress Manufacturing Company, Philadelphia, in May and June, 1959, and further confessed to opening the door and letting Russell Brough of 6345 Rising Sun Avenue, Philadelphia, into the plant and loading, on two occasions, Brough's station wagon with electrical equipment which they removed from the plant. According to defendant's statement, the thefts occurred about one o'clock while he worked the shift from twelve midnight to eight o'clock. At a second interview with Detective Collins and Detective Grabeldinger, on December 21, 1960, at Doylestown, Pennsylvania, defendant by his own hand drew a diagram on the officer's notebook showing the plant and location of the burglar alarm systems. Grabeldinger testified that defendant at this time described in "great detail" the methods used to remove the stolen articles from the building.

Recalled by the Commonwealth, Shaw testified that the company records showed defendant worked the C shift (twelve midnight to eight o'clock) May 5 to June 22; the A shift, during the day for a three-day period, and the B shift (four o'clock in the afternoon until twelve midnight) on June 25 and 26, 1959.

Defendant took the stand and admitted he had confessed to other thefts and crimes during the interviews with the officers, but denied taking anything from Progress Manufacturing Company during his employment there. Defendant also denied drawing any sketch of the plant layout for the police officers. He admitted he had installed burglar alarm systems during prior employment and was familiar with their operation.

Appellant argues that because his oral confession to Detective Collins placed the time of the thefts at one o'clock on the shift from twelve midnight to eight o'clock in the morning, and the company records showed his employment June 25 and 26, 1959, on the four o'clock to midnight shift, the Commonwealth failed to

prove the crimes charged with sufficient particularity and within the statutory period of two years from the date of the indictment. We find no merit in appellant's argument. The jury could properly consider and convict upon any evidence that showed commission of the crimes charged within the two-year period preceding the finding of the bills of indictment. *Com. v. Morrison,* 180 Pa. Superior Ct. 121, 126, 118 A. 2d 258. See, also, *Com. v. Mourar,* 167 Pa. Superior Ct. 279, 281, 74 A. 2d 734. The jury could properly conclude from the evidence in this case that the crimes charged were in fact committed on June 26, 1959, the date charged in the indictments. The Commonwealth's burden to sustain a conviction was to prove the commission of the crimes upon a date fixed with reasonable certainty and within the statutory period. *Com. v. Levy,* 146 Pa. Superior Ct. 564, 569, 23 A. 2d 97.

Secondly, assuming that the indictments and proofs showed the crimes as committed on June 26, 1959, this was within the general statute of limitations here applicable. The Act of March 31, 1860, P. L. 427, §77, as amended by the Act of April 6, 1939, P. L. 17, 19 PS §211, provides: "All indictments which shall hereafter be brought or exhibited for any crime or misdemeanor, murder and voluntary manslaughter excepted, shall be brought or exhibited within the time and limitation hereafter expressed, and not after; that is to say, all indictments and prosecutions for treason, arson, sodomy, buggery, robbery, burglary, perjury, counterfeiting, forgery, uttering or publishing any bank note, check or draft . . . shall be brought or exhibited within five years next after the offense shall have been committed; and all indictments and prosecutions for other felonies not named or excepted heretofore in this section, and for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed: . . ."

The period of time referred to in any law is computed so as to exclude the first and include the last day of any such period. *Com. v. Wood,* 17 Pa. C.C. 133 (1895); Statutory Construction Act of May 28, 1937, P. L. 1019, §38, as amended, 46 PS §538; *State v. Rhodes,* 11 N.J. 515, 95 A. 2d 383 (1953); 22 C.J.S., Criminal Law, §233, p. 606. The indictments were found and exhibited on June 26, 1961, or within the two-year limitation set up under the Act of 1860, as amended, 19 PS §211, after the commission of the crimes charged as established by the Commonwealth's proofs.

The Commonwealth contends that, in any event, the Act of June 12, 1878, P. L. 196, §6, as amended, 19 PS §213, is applicable. This Act fixes a limitation of six years as to "Indictments for felonies or misdemeanors committed by any officer, director, receiver, superintendent, manager, broker, attorney, agent, employe or member of any bank, body corporate or public company, . . ." but expressly provides further that, "The provisions of this section shall not be construed so as to apply to indictments for any felony or misdemeanor other than those as to which any of the foregoing relationships to a bank, body corporate or public company . . . is an essential element of the crime." As indicated, however, the indictments under the Commonwealth's proofs were found within the two-year limitation provided for in the Act of March 31, 1860, P. L. 427, §77, as amended, 19 PS §211. There is no necessity to decide whether the crimes charged in the present indictments were such that appellant's relationship was an essential element of the crime so as to fall within the six-year limitation statute. See *Com. v. Kauffman,* 190 Pa. Superior Ct. 444, 449, 154 A. 2d 269; *Com. v. Parish,* 176 Pa. Superior Ct. 267, 107 A. 2d 203.

Judgment of sentence is affirmed.

DISSENTING OPINION BY FLOOD, J.:

There is no evidence here to show the commission of the crime charged within two years of June 26, 1961. The situation here is totally unlike those in the cases cited in the majority opinion where there was doubt about the precise date, but none about the commission of the crime on some date within the statutory period if the Commonwealth's testimony is believed. Here there was no evidence that the crime was committed after June 22, 1959. We do not see how this can be inferred from the facts that the defendant confessed to thefts from the company's premises sometime between May 5th and June 22nd, and that he continued to work, although on different shifts, until June 26th.

Nor is this the type of crime to which the extended limitation period provided by the Act of May 16, 1945, P. L. 582, 19 PS §213, is applicable. *Commonwealth v. Kauffman*, 190 Pa. Superior Ct. 444, 154 A. 2d 269 (1959).

MONTGOMERY, J., joins in this dissent.