## Charles W. Naftzinger Real Estate v. Barrett

*John J. Krafsig, Jr.*, for plaintiff.

*William T. Smith*, for defendants.

Lipsitt, J., July 21, 1966.—This matter comes before the court on a petition and rule to strike a judgment.* An action in assumpsit was instituted before an alderman in the City of Harrisburg by plaintiff, a real estate agent, against defendants to recover a portion of the settlement costs involved in a real estate transaction wherein defendants were the purchasers. The judgment now on record in this court is based upon the transcript of the alderman after hearing held on February 3, 1963.

The disposition of this case is limited to the sole problem of deciding whether a summons issued by the alderman dated January 25, 1965, ordering defendants to appear on February 3, 1965, to answer to a plea of assumpsit, is invalid and the judgment secured thereon void as being in violation of the Act of March 20, 1810, P. L. 208; 42 PS §422. The pertinent statutory provision reads as follows:

"The said justices [aldermen] are hereby respectively empowered and required, upon complaint being made to any of them touching any such demand as aforesaid, to issue a summons . . . to cause the said defendant to appear before the said justice [alderman] on a certain day therein to be expressed, not more than

---

* Originally, defendants' petition sought to open a judgment, and certain matters were alleged as defenses, but subsequently defendants' argument was limited to one issue discussed in this opinion, and permission was requested to amend the petition.

eight, nor less than five days after the date of the summons. . . ."

Defendants' position is that the return date was nine days after the date of issuance. They rely upon the case of Silverberg v. Logue, 85 Pitts. L. J. 123 (1935), which states that the time fixed for a defendant to appear is to be computed by excluding the first day, that of the date of the summons, and including the last day, that of return. Plaintiff relies on a Dauphin County case, Wilver v. Keim, 8 D. & C. 56, 29 Dauph. 77 (1926), wherein the late President Judge Hargest held that, in computing the time which must elapse between the date of a summons issued by a justice of the peace and its return day, both the terminal days are excluded. It may be pointed out that Judge Hargest was interpreting the meaning of the words "nor less than five days", and the judgment was set aside for the reason that only four clear days intervened between the day of issue and the day of return and hearing: Lancaster City Ordinance Case, 383 Pa. 471 (1956); D. J. Potter Co., Inc. v. Good, 31 D. & C. 2d 589 (1963). The instant case does not concern an interpretation of words such as "at least" or "not less than".

Whatever the prior state of the law might have been, the Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 38, as amended, 46 PS §538, resolves the problem presented here. The statute reads as follows:

"When any period of time is referred to in any law, such period in all cases, . . . shall be so computed as to exclude the first and include the last day of such period": See Commonwealth v. Kuhn, 200 Pa. Superior Ct. 649, 654 (1963).

Applying this construction, it is to be observed that in excluding the first day, January 25, 1965, and including the last day, February 3, 1965, there is a total of nine days. Consequently, the summons does not con-

462

form to the act, as it was made returnable more than eight days after its date of issue, and the resulting judgment obtained is void, as the defect goes to the jurisdiction of the alderman: Rauenzahn v. Nadeau, 29 D. & C. 2d 641 (1962).

We, therefore, enter the following

ORDER

And now, July 21, 1966, upon consideration of the petition and rule to strike the judgment in favor of Charles W. Naftzinger Real Estate and against Clifford Barrett and Betty Barrett in the amount of $304.65, together with costs and interest from March 28, 1963, the rule is made absolute and said judgment is stricken from the record.