*326 Dissenting Opinion by
Montgomery, J.:
I would affirm the order of the lower court sustaining the decision of the Workmen’s Compensation Board and would not reverse that order on a point of law not raised below. However, aside from that reason, this record clearly shows that the appeal taken by the City of Philadelphia from the referee to the Board was timely.
The notice of the referee’s decision was received by the City of Philadelphia on October 18, 1961, having been dated and mailed from Harrisburg on October 17, 1961. The City’s appeal therefrom to the Board is dated November 6, 1961, and was mailed from Philadelphia to Harrisburg on the same day. By normal mail delivery it would have reached the Board on November 7, 1961, the 20th day following receipt of the notice aforesaid. Thus no more than 20 days elapsed between the first and last day of either set of dates, the dates of the papers or the dates of normal delivery. Under art. Ill, §38 of the Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 P.S. §538 (pp), the earlier date, whichever set is used, would not be considered in calculating the 20-day period allowed for taking such appeal. See Commonwealth v. Kuhn, 200 Pa. Superior Ct. 649, 190 A. 2d 337 (1963).
Since section 413 art. IY of the Workmen’s Compensation Act, 77 PS 771, contemplates service of papers by mail, I Avould not penalize an appellant because of any delay in the delivery of papers by the postal authorities. This appeal was postmarked November 6, 1966 which was timely and should be the determining date.
Therefore, I respectfully dissent.