460 A.2d 1115

**COMMONWEALTH of Pennsylvania**

v.

**John J. ALBARANO, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed April 29, 1983.

Reargument Denied June 20, 1983.

Petition for Allowance of Appeal Denied Oct. 17, 1983.

234

Ambrose R. Campana, Williamsport, for appellant.

Robert F. Banks, Assistant District Attorney, Williamsport, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE *, WICKERSHAM and LIPEZ, JJ.

* This decision was reached prior to the death of Judge Price.

PRICE, Judge:

Following a nonjury trial commenced on December 15, 1977, appellant, John Albarano, was found guilty of two counts of violating section 353(b) of the Tax Reform Code of 1971.[1] ("Tax Reform Code"). Appellant's post-verdict motion in arrest of judgment was denied and, on June 18, 1979, appellant was sentenced to pay fines totaling $10,000 and to make restitution in the amount of $50,528.75. In this appeal from the judgment of sentence, appellant contends that prosecution of the charges of which he was convicted was barred by a two year statute of limitations. For the reasons stated herein, we disagree, and, accordingly, affirm the judgment of sentence.

The relevant facts are these. On June 22, 1977, a representative of the Personal Income Tax Bureau of the Pennsylvania Department of Revenue filed a criminal complaint charging appellant with multiple counts of tax evasion. The complaint averred that, in his capacity as president of Penn State Construction Company, Inc. and its successor, Albarano Building Company, appellant "[w]ilful[ly] fail[ed] to pay over to the PA Dept. of Rev. income taxes withheld from his employees for the following periods and amounts: Count I—1973—$33,170.80—Count II—1974—$17,357.95— Count III—1975—$4,929.08—Count IV—1976—$11,609.79— Count V—1-1-77 to 4-19-77 ...." (Supp. Record at 4b). On September 13, 1977, the District Attorney of Lycoming County filed an information charging appellant with eight counts of tax evasion for the years 1973, 1974, 1975 and 1976. Unlike the complaint, however, the information con-

1. Act of March 4, 1971, P.L. 6, No. 2, art. III, § 361, added August 31, 1971, P.L. 362, No. 2, § 4, *as amended,* 72 P.S. § 7353. Section 353(b) provides:

   Any person required under this article to collect, account for and pay over any tax imposed by this article who wilfully fails to collect or truthfully account for and pay over such tax, shall, in addition to other penalties provided by law, be guilty of a misdemeanor, and shall, upon conviction, be sentenced to pay a fine not exceeding twenty-five thousand dollars ($25,000) or to undergo imprisonment not exceeding two years, or both.

   72 P.S. § 7353(b).

tained no reference to appellant's position as president, director, and majority shareholder of the two companies. (Record at 13a–14a).

Appellant subsequently filed a motion to dismiss a portion of the information, contending that the two year statute of limitations created by the Act of March 31, 1860, P.L. 427, § 77, *as amended*, 19 P.S. § 211,[2] barred prosecution for tax evasion alleged to have occurred prior to June 22, 1975. The Commonwealth responded by filing an application to amend the information in which it proposed to preface each of the eight counts by alleging that appellant had evaded taxation "in his capacity as president, director and chief stockholder of Penn State Construction, Inc., a Pennsylvania corporation ...." (Supp. Record at 21b–24b). Appellant countered with a motion opposing amendment of the information. The matter was briefed and argued and, on November 4, 1977, the court below granted the Commonwealth's application to amend the information. Thereafter, on November 15, 1977, appellant's motion to dismiss a portion of the information was denied.

2. At the time the instant prosecution arose, and prior to its repeal by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [377], section 211 provided, in relevant part:

All indictments which shall hereafter be brought or exhibited for any crime or misdemeanor, murder and voluntary manslaughter excepted, shall be brought or exhibited within the time and limitation hereafter expressed, and not after; that is to say, all indictments and prosecutions for treason, arson, sodomy, buggery, robbery, burglary, perjury, counterfeiting, forgery, uttering or publishing any bank note, check or draft, knowing the same to be counterfeited or forged, shall be brought or exhibited within five years next after the offense shall have been committed; and all indictments and prosecutions for other felonies not named or excepted heretofore in this section, and for all misdemeanors, perjury excepted, shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed .... And provided also, that *indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed* .... (Emphasis added).

19 P.S. § 211. The effective date of the repeal of section 211 was June 27, 1978, over one year after the criminal complaint was lodged against appellant in the instant case.

Appellant waived his right to trial by jury and, on December 15 and 16, 1977, he was tried before the Honorable Roy A. Gardner, specially presiding. On May 31, 1978, Judge Gardner filed an opinion in which he found appellant guilty on counts II and IV of the information, and not guilty on the six remaining counts.[3] Appellant filed a post-trial motion in arrest of judgment, claiming only that his conviction for tax evasion during 1973 and 1974 was contrary to law in view of the two year statute of limitations. The trial court denied the motion on November 21, 1978, and imposed sentence on June 18, 1979. This appeal ensued.

■ The Commonwealth's theory from the inception of this prosecution has been that appellant Albarano, by virtue of his position at Penn State Construction, was the statutorily designated "person" to collect, account for and pay over taxes withholdable from Penn State Construction, Inc. The six-year statute of limitations prescribed by the Act of 1878, June 12, P.L. 196, § 6, as amended, 19 P.S. § 213[4] ("section 213") is, therefore, applicable because appellant's relationship to that corporation is "an essential element of the crime" charged. Brief for appellee at 6.

At the time the instant prosecution arose, section 213 was in force and provided in relevant part:

Indictments for felonies or misdemeanors committed by any officer, director, receiver, superintendent, manager, broker, attorney, agent, employe, or member of any bank, body corporate or public company, municipal or quasi-municipal corporation may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed. *The provisions of this section shall not be construed so as to apply to indictments for any felony or misdemeanor other than those as to which any of the foregoing relationships to*

3. Counts II and IV alleged that appellant wilfully failed to truthfully account for and pay over personal income tax withheld from employees for the years 1973 and 1974. (Supp. Record at 21b–22b).

4. Repealed by Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [683]; effective date of repeal: June 27, 1978.

*a bank, body corporate or public company, or munici-*
*pal or quasi-municipal corporation, is an essential*
*element of the crime.* [Emphasis added].

19 P.S. § 213.[5]

The cases construing this particular statute of limitations have consistently held that the crime charged must be one which only an officer of a bank, corporation or public company could commit by virtue of his position therein in order for the extended statute of limitations to apply. *See, Commonwealth v. Kauffman*, 190 Pa.Superior Ct. 444, 154 A.2d 269 (1959). In *Commonwealth v. Parish*, 176 Pa.Superior Ct. 267, 270, 107 A.2d 203, 205 (1954), where the defendant, an officer of a paving company, was indicted for bribery of a public official, this court interpreted the intent of the statute's provisions and distinguished the crimes to which the statute may apply:

> [Section 213] is clear in requiring that the six-year period be applicable only where the relationship of officer, director, etc. to a corporation is "an essential element of the crime." This obviously refers to such crimes as embezzlement where the corporate capacity of the accused is part of the nature of the crime. *Commonwealth v. Hayden*, 72 D. & C. 75. It is patent that bribery can be committed by anyone, regardless of his relationship to a corporation or whether he may be seeking favors through or on behalf of a corporation. The purpose of this six-year provision is to give enforcement agencies more

---

5. In *Commonwealth v. Parish*, 176 Pa.Superior Ct. 267, 107 A.2d 203 (1954), this court construed 19 P.S. § 211, *supra* note 2, in accordance with 19 P.S. § 213:

> [19 P.S. § 211] also provides for a six-year limitation for certain crimes committed by corporate officers, but fails to contain the added proviso of [19 P.S. § 213] that the relationship must be an essential element of the crime. The omission is no help to appellant, for the purpose is obviously the same ... To construe [19 P.S. § 211] otherwise would be to sanction a most unusual discrimination against those who happen to be officers of corporations. It can hardly be argued that the legislature intended a longer period of limitations in respect to crimes in general for just one class of persons based on employment.

*Id.*, 176 Pa.Superior at 270–271, 107 A.2d at 205.

time to apprehend those who are in peculiarly good position to conceal their crimes for periods longer than the average criminal.

Therefore, the fundamental question in our present inquiry is whether appellant's relationship to the corporation is an essential element of the crime of tax evasion in this case.

In *Commonwealth v. Kauffman, supra,* the indictments charged embezzlement and fraudulent conversion against the defendant, the manager and superintendent of sales of the employing corporation. The defendant allegedly collected sums from customers of the corporation and failed to pay the sums over to the company. Defendant was convicted for both crimes under the six-year statute of limitations provided for in section 213 but appealed on the grounds that his relationship to the corporation was not an essential element of either the crime of embezzlement or fraudulent conversion.

To resolve the issue this court looked to the definitions of the individual crimes involved. The statutory definition of embezzlement specified as an element of the crime that the perpetrator must be an "officer, director, superintendent, manager, receiver, employee, agent ... of any bank or other body corporation, or public company...." Act of June 24, 1939, P.L. 872, 18 P.S. § 4827. This definition made it clear that "[a]nyone who did not stand in one of the enumerated relationships to a corporation could not be convicted under this section...." *Commonwealth v. Kauffman, supra* 190 Pa.Superior Ct. at 449, 154 A.2d at 271. Therefore, the relationship to the corporation was an essential element of the crime as required by section 213 and the six-year limitation was found to apply.

In contrast, however, when the court looked to the definition of fraudulent conversion it found that no specific relationship to a body corporate or public was required as an essential element. Consequently, the court found the indictments timely as to the embezzlement charges but untimely as to the charges of fraudulent conversion since the charges had been brought more than two years from

the commission of the crime. *Commonwealth v. Kauffman, supra,* 190 Pa.Superior at 449–450, 154 A.2d at 271.

*Kauffman's* reasoning was also followed in *Commonwealth v. Burns,* 197 Pa.Superior Ct. 282, 178 A.2d 619 (1961) where the defendant, the superintendent of a county home, was indicted for obtaining property by false pretenses and conspiracy. This court found that section 213 had no application since the crimes covered by the indictment could be committed by anyone and the relationship of the defendant to the county was not an essential element.[6]

The Commonwealth presently asserts and we agree that the application of the six-year statute to the instant charges is in accord with the foregoing holdings. Through the reading of various applicable provisions of the Crimes Code in conjunction with the Tax Reform Code, *supra,* note 1, the Commonwealth successfully proves that appellant's relationship to Penn State Construction is an essential element of the tax evasion conviction.

To begin with, the Commonwealth argues that the Tax Reform. Code imposes the duty to withhold and pay over the income tax on the statutory employer,[7] in this case the corporation, Penn State Construction and its successor.[8] Next, the language of § 353(b), 72 P.S. § 7353(b), supra

6. *See also,* for similar reasoning, *Commonwealth v. Russo,* 177 Pa.Superior Ct. 470, 111 A.2d 359 (1955) (where the six-year statute of limitations was found inapplicable to an indictment charging a police officer with the offense of obstructing justice because the police officer's relationship to the municipality was not an essential element of the crime).

7. Section 316 of the Tax Reform Code, 72 P.S. § 7316, provides in pertinent part:
Every *employer* maintaining an office or transacting business within this Commonwealth and making payment of compensation ... shall deduct and withhold from such compensation for each payroll period a tax computed in such a manner as to result, so far as practicable, in withholding from the employe's compensation during each calendar year an amount substantially equivalent to the tax reasonably estimated to be due for such year with respect to such compensation. (Emphasis added.)

8. Subsection 301(h) of the Tax Reform Code, 72 P.S. § 7301(h) defines "employer" as "an individual, partnership, association, *corporation,*

note 1, which imposes criminal liability on "any person" required to withhold the tax who wilfully fails to pay over such tax, but, as the Commonwealth points out in this case the term "person" encompasses more than a natural individual; rather, it is addressed to the entity identified as the statutory employer, Penn State Construction.[9]

It is the Commonwealth's prime contention that appellant, as an individual officer of the corporation, is liable for the tax evasion committed by Penn State Construction and its successor only by virtue of subsection 307(e) of the Crimes Code, 18 Pa.C.S.A. § 307(e), which imposes legal accountability on one acting or under a duty to act for a corporation.[10] But for the operation of this subsection, appellant

governmental body or unit or agency, or any other entity who or that employs one or more persons for compensation" (Emphasis added).

**9.** Subsection 301(*o*) of the Tax Reform Code of 1971, 72 P.S. § 7301(*o*) defines "person" as "any individual employer, association, fiduciary partnership, *corporation* or other entity, estate or trust, resident or non-resident, and the plural as well as the singular number" (Emphasis added).

**10.** This subsection of the Crimes Code is applicable to the penalties imposed under the Tax Reform Code by virtue of subsection 107(a) of the Crimes Code, 18 Pa.C.S.A. § 107(a), which provides: "The provisions of Part I of this title (relating to preliminary provisions) are applicable to offenses defined by this title or by any other statute."

Subsection 307(e) of the Crimes Code to which the Commonwealth led us is contained in Chapter III of Part I of the Crimes Code and provides:

(e) Persons acting or under a duty to act for organizations.

(1) A person is legally accountable for any conduct he performs or causes to be performed in the name of a corporation or an unincorporated association or in its behalf to the same extent as if it were performed in his own name or behalf.

(2) Whenever a duty to act is imposed by law upon a corporation or an unincorporated association, any agent of the corporation or association having primary responsibility for the discharge of the duty is legally accountable for a reckless omission to perform the required act to the same extent as if the duty were imposed by law directly upon himself.

(3) When a person is convicted of an offense by reason of his legal accountability for the conduct of a corporation or an unincorporated association, he is subject to the sentence authorized by law when a natural person is convicted of an offense of the grade and the degree involved.

could not be held criminally liable for the wilful evasion of the tax since the Tax Reform Code placed criminal liability on the *employer.* Therefore, it is argued, appellant's relationship to the corporation is an essential element of the appellant's conviction under § 7353 of the Tax Reform Code.[11]

We agree with the Commonwealth's thoughtful analysis of these provisions and on that basis affirm the lower court's finding of guilt.

We also agree with the Commonwealth that appellant has waived the issue of whether the application of the six-year statute of limitations denies him equal protection of the law under the Fourteenth Amendment of the United States Constitution.

■ Pa.R.Cr.P. 306(e) provides: "All grounds for the relief demanded shall be stated in the [omnibus pretrial] motion and failure to state a ground shall constitute a waiver thereof." Appellant did not assert the equal protection argument until he filed his motion in arrest of judgment. Therefore, under Rule 306(e) we hold the issue waived and will not address it.[12]

11. We note for completeness that the Commonwealth properly complied with the holdings of *Commonwealth v. Creamer,* 236 Pa.Superior Ct. 168, 345 A.2d 212 (1975), and *Commonwealth v. Titler,* 236 Pa.Superior Ct. 177, 345 A.2d 217 (1975), by amending the information to make it indisputably clear that appellant was being charged in his special capacity as president and director of the subject corporation making the six-year statute of limitations applicable.

12. In deciding that the issue is waived we disagree with the lower court's Supplemental Opinion at 2 n. 1. President Judge Roy A. Gardner wrote therein: "However, because we also believe that it could be said that the defendant is now merely changing his theory in support of a ground raised in the Pre-trial Application for Relief (see *Commonwealth v. Bable,* 254 Pa.Super. [72], 385 A.2d 530 (1978)), we would prefer to address the equal protection assertion on its merit." This reading of *Bable* is error. What the *Bable* court actually stated was that the rule in *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973) when appellant advances a new theory as a basis for relief, the ground or issue remains precisely the same was *reversed* in *Commonwealth v. Mitchell,* 464 Pa. 117, 346 A.2d 48 (1975), wherein our supreme court stated: "To make a distinction turn upon the fact that one is merely advancing a new theory, creates a fiction which

Finally, we dismiss appellant's argument that the sentence imposed by the lower court was illegal based on the authority contained in *Commonwealth v. Stoner*, 264 Pa. Superior Ct. 136, 399 A.2d 703 (1979). *Stoner* deals with the courts' power to order restitution for criminal acts occurring between June 6, 1973, and March 30, 1975 and is not relevant to sentences imposed under authority of the Tax Reform Code of 1971.

In *Commonwealth v. Flashburg*, 237 Pa.Superior Ct. 424, 352 A.2d 185 (1975), which laid the precedent for our decision in *Stoner, supra,* this court held that after the legislature's repeal of section 1109 of the Act of June 24, 1939, P.L. 872, 18 P.S. § 5709, (authorizing restitution in criminal cases) in 1973, the courts were without power to order restitution until a comparable provision was inserted into the present Crimes Code on March 30, 1975 (18 Pa.C.S.A. § 1321(c)).

■ While it is true that "a defendant cannot be ordered to make restitution unless restitution is a statutorily authorized penalty," *Commonwealth v. Flashburg*, 237 Pa.Superior Ct. 424, 427, 352 A.2d 185, 186–87 (1975), the sentencing court in the instant case did not rely upon the authority of the repealed provision in the Crimes Code in order to impose restitution. It grounded its order on § 352(e) of the Tax Reform Code, 72 P.S. 7352(e) which provides in pertinent part:

> (e) Any person required to collect, account for and pay over any tax imposed by the article who wilfully fails to collect such tax or truthfully account for and pay over such tax, .. *shall,* in addition to other penalties provided by law, be liable to a *penalty* equal to the total amount of the tax ... not accounted for and paid over ... The term 'person' as used in this subsection includes an officer or employee of a corporation ... who as such officer [or]

frustrates the very purpose sought to be accomplished by a strict application of waiver." *Id.,* 464 Pa. at 126, 346 A.2d at 53. *Mitchell* controls our instant decision.

244

employee ... is under a duty to perform the act in respect of which the violation occurs. (Emphasis added).

Therefore, the judgment of sentence which ordered appellant to pay the full amount of tax due was compelled by statute and was, therefore, legal.

Based on the foregoing reasons, the judgment of sentence is affirmed.