472 A.2d 1062

**COMMONWEALTH of Pennsylvania**

v.

**Matheno FORD–BEY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 23, 1984.

Decided March 15, 1984.

Douglas M. Johnson, Chief, Appeals Div., Asst. Public Defender, Michael Gottlieb, Norristown, for appellant.

Ronald T. Williamson, Chief, Appeals Div., Asst. Dist. Atty., Joseph J. Hylan, Norristown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

LARSEN, Justice.

In 1980, appellant Matheno Ford-Bey was convicted by a jury of attempted murder, recklessly endangering another

person, and possession of an instrument of crime with intent to employ it criminally. After the denial of post-trial motions, appellant was sentenced to concurrent terms of imprisonment of two to five years for attempted murder and one to three years for possession of an instrument of crime; no sentence was imposed for the crime of recklessly endangering another person. On appeal, the Superior Court vacated the judgment of sentence for possession of an instrument of crime and affirmed the judgment of sentence for attempted murder. *Commonwealth v. Ford-Bey*, 306 Pa.Super. 288, 452 A.2d 729 (1982). We granted appellant's petition for allowance of appeal and we now reverse.[1]

Appellant first argues that his objection to the trial court's charge to the jury was properly preserved for appellate review. We agree.

Immediately before counsels' closing arguments appellant presented his points for charge to the trial judge. After closing arguments, trial was recessed until 2:00 p.m., at which time the judge charged the jury. At the conclusion of the charge, the court asked each attorney whether he had any additions, deletions or corrections, and the following exchange took place:

THE COURT: Mr. Keenan?

MR. KEENAN [Appellant's counsel]: I have none, other than the exceptions we mentioned previously.[2]

\* \* \* \* \* \*

THE COURT: Satisfactory, ... Mr. Keenan?

MR. KEENAN: Yes, sir.

---

1. That portion of appellant's judgment of sentence vacated by the Superior Court is not at issue in this appeal.

2. There are no "previously mentioned" exceptions to the charge in the record. According to appellant's brief, however, the following events which are not of record also occurred:

Prior to the charge to the jury, Judge Davenport met in chambers with counsel to review the proposed charge to the Court, the submitted points for charge by counsel, and any corrections, additions, or deletions thereto. Unfortunately, no transcription of this in-chambers conference was made, and it is therefore not part of the record. At the conclusion of said conference, the Trial Judge reconvened the jury at which time the charge to the Court was issued.

At this point the jury retired to deliberate, and the following exchange occurred immediately thereafter:

MR. KEENAN: Your Honor, I would like to put on the record the exception that I discussed earlier with you as to the charge, in that I think the crime of murder should be included as to all its elements.

\* \* \* \* \* \*

THE COURT: The record will so reflect the objection which has been put on the record.

In his post-trial motions, appellant raised an issue concerning the trial court's failure to charge the jury on all the elements of murder, and the trial court disposed of this issue on the merits. Nevertheless, the Superior Court held that appellant's claim had been waived because his specific objection was not made on the record before the jury retired to deliberate.

Pa.R.Crim.P. 1119(b) provides that

No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.

This Court has considered the purpose of this rule and has noted that

The requirement of a timely specific objection ... insures that: "First, appellate courts will not be required to expend time and energy receiving points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal. Finally, the exception requirement will remove the advantage formerly enjoyed by the

unprepared trial lawyer who looked to the appellate court
to compensate for his trial omissions."

*Commonwealth v. Clair*, 458 Pa. 418, 421–22, 326 A.2d 272,
273–74 (1974) (citation omitted).[3]  *See also Commonwealth
v. Martinez*, 475 Pa. 331, 337–38, 380 A.2d 747, 750–51
(1977) (plurality opinion) ("The reasons for requiring specif-
ic objection after the charge, even where points for charge
had previously been proposed, are apparent.  Primarily, it
ensures that the court is given opportunity to avoid error.").

■  In this case, while it is clear that appellant failed to
reiterate for the record the nature of his objection, and that
he thus did not comply with the letter of Rule 1119(b), it is
equally clear that "the exceptions ... mentioned previous-
ly," although not of record, were brought to the trial court's
attention while the jury was still present.  Thus, the trial
court did have an opportunity to promptly correct any error
it may have made.  In addition, since the trial court's
resolution of this issue on the merits was included in its
opinion, this Court is not in the position of having to dispose
of a matter on which the trial court has never ruled.
Finally, although the Commonwealth argues that appellant
waived his objection on appeal by not complying with the
formal requirements of Rule 1119(b), it does not claim that
it was in any way prejudiced by this lack of compliance.

It is clear that the purpose of Rule 1119(b) has been fully
served with respect to this objection and that no purpose
would be accomplished by holding appellant to the strict
requirements of the rule.[4]  Accordingly, we hold that under

**3.** *Commonwealth v. Clair* concerned this Court's ability to review
errors which are so "basic and fundamental" as to "justify reversal
absent an objection or exception" entered in compliance with Pa.R.
Crim.P. 1119(b).

**4.** *Compare Commonwealth v. Martin*, 465 Pa. 134, 173–74, 348 A.2d
391, 411 (1975) (plurality opinion):

In the course of his charge to the jury the trial judge, after instruct-
ing on the elements of premeditated murder, gave a careful and
lengthy charge on the doctrine of felony-murder and its application
to this case....  At trial the defendant took the position that no
charge whatever was warranted on felony-murder,[24] and now ar-

the circumstances of this case, appellant's objection to the court's failure to charge the jury on the elements of murder was not waived for purposes of appellate review.

We turn now to the merits of appellant's objection to the trial court's charge to the jury. Appellant argues, correctly, that the trial court erred in failing to charge the jury on the elements of murder and that the jury was, therefore, unable to rationally determine whether or not appellant was guilty of the crime of attempted murder.

This Court has held that

in charging a jury, it is the primary duty of the trial judge to clarify the issues so that the jury may understand the questions to be resolved.

*Commonwealth v. Beach*, 438 Pa. 37, 40, 264 A.2d 712, 714 (1970).

■ The trial judge's duty, therefore, includes apprising the jury of all the elements of those crimes with which the defendant has been charged.

Because jury instructions are the principal medium for communicating to the jury the legal bases upon which its verdict is to rest, they should be "clear, concise, accurate and impartial statements of the law written in understandable language and delivered in conversational tone which will be of helpful guidance to the jurors."

ABA Standards for Criminal Justice 15–3.6(a), Commentary at 100 (citation omitted).

gues vigorously that the inclusion of a charge on this subject was prejudicially erroneous and requires a new trial.

24. The objection was made by an interruption of the judge in the course of his charge, not by way of a specific objection or exception to the claimed error at the close of the charge (only a general exception to the charge was taken). This was not the proper procedure. *See* Pa.R.Cr.P. 1119(b), 19 P.S. (1975 Pamphlet). Because, however, the trial court was fully alerted to the position of the defendant, not only by the interruption, but also by reason of objection to such an instruction before the charge was begun, and in light of the fact that the point was argued to and fully considered by the court en banc on post-trial motions, we do not consider it to have been waived for appeal purposes. Cf. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

In this case, the court's only charge to the jury concerning the crime of attempted murder was as follows:

> Criminal attempt definition: a person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

■ It is clear that this charge was inadequate in that the trial court failed to identify the specific crime of murder as an element of attempted murder, and further failed to instruct the jury on any of the elements of murder. Without such an instruction, the jury had no way of knowing the legal basis upon which a conviction for attempted murder must rest and could not properly resolve the question of appellant's guilt or innocence with respect to that crime.[5]

Accordingly, the order of the Superior Court affirming appellant's judgment of sentence for attempted murder and recklessly endangering another person is reversed and the case is remanded for further proceedings consistent with this opinion.

---

**5.** Appellant also argues that the trial court erred in refusing to read two of his points for charge on the subject of self-defense, and that he should not have been found guilty of both attempted murder and recklessly endangering another person because the latter crime merges into the former for purposes of sentencing. Both of these arguments are without merit: the first was waived because no objection was ever placed on the record at trial, and the second is wholly frivolous in view of the fact that no sentence was ever imposed for recklessly endangering another person. These issues, therefore, deserve no further discussion.