524 A.2d 993

**LEVY AND SURRICK, A Professional Corporation, Appellant,**

**v.**

**Robert B. SURRICK, Appellee.**

Superior Court of Pennsylvania.

Argued March 11, 1987.

Filed April 30, 1987.

---

Michael F. Wenke, Media, for appellant.
William J.C. O'Donnell, Paoli, for appellee.

Before MONTEMURO, KELLY and ROBERTS, JJ.

MONTEMURO, Judge:

Appellant Levy and Surrick, a professional corporation, challenge the entry of judgment in favor of appellee Robert B. Surrick by the Court of Common Pleas of Delaware County. The sole issue on appeal is whether the trial court should have instructed the jury on the law of agency as well as on the "corporate opportunity" doctrine. Because the

charge to the jury included an adequate explanation of the law as it applies to the evidence presented, we affirm.

Levy and Surrick (the corporation), a professional corporation engaged in the practice of law, brought this action against its former president and 50–percent shareholder, Robert B. Surrick. Among other things, the corporation alleged that Mr. Surrick usurped for his private gain a business opportunity that rightfully belonged to the corporation. The jury returned a verdict in favor of Mr. Surrick, and the court denied the corporation's motions for post-trial relief. This timely appeal followed.

The evidence produced at trial reveals the following: In 1978, Mr. Surrick sold a piece of his personal real estate holdings to Haverford 2 Associates, a partnership that consisted of Vincent and Thomas Spano. At that time, the Spanos owned commercial real estate known as the "Wallingford Mini-mall" in Delaware County. The Spanos had advertised the Mini-mall for sale to the general public, and Thomas Spano approached Mr. Surrick as a potential purchaser. Mr. Surrick began sporadic negotiations with the Spanos regarding the possible sale. Meanwhile, in February of 1979 American Cablevision of Pennsylvania, Inc. (ACP), a client of appellant corporation, began to rent space in the Mini-mall from the Spanos. As an employee of appellant corporation, Mr. Surrick represented ACP in numerous legal matters. This representation included drafting the lease agreement between ACP and the Spanos.

ACP extended their Mini-mall lease in July of 1979 for a period of 10 years. In August, Mr. Surrick purchased the Mini-mall from the Spanos by assuming the Spanos' mortgage and by canceling the balance of the debt that Haverford 2 Associates had incurred when it purchased Mr. Surrick's real estate in 1978. As a part of this transaction, the Spanos assigned to Mr. Surrick the 10–year ACP lease. Mr. Surrick purchased the Mini-mall and acquired the ACP lease on his own behalf, not on behalf of appellant corporation. Arthur Levy, the other 50–percent shareholder in the corporation, testified that Mr. Surrick did not disclose his

potential interest in the Mini-mall until the day of the settlement in August of 1979. Mr. Surrick, however, testified that he had disclosed his interest to Mr. Levy early in 1979, during the course of the negotiations with the Spanos.

At the close of evidence, appellant corporation submitted, among others, the following points for charge:

(1) I instruct you as a matter of law that the Defendant-Surrick was acting as an agent of the Plaintiff-corporation in his handling of American Cablevision of Pennsylvania, Inc.

(2) I instruct you as a matter of law that the Defendant is not permitted to make any profit, gain or advantage in connection with his representation of American Cablevision of Pennsylvania, Inc.

(3) I instruct you as a matter of law that any profit, gain or advantage coming to Defendant during the execution of his agency must be turned over by him to Plaintiff. In that regard it does not matter whether such profit, gain or advantage was the result of his proper or improper handling of American Cablevision of Pennsylvania, Inc. . . . [1]

The trial court refused these points because the corporation, in the court's view, neither pleaded nor proved that Mr. Surrick had authority to act as an agent of the corporation for purposes of acquiring real property.

■ The corporation contends on appeal that Mr. Surrick acted as its employee and therefore as its agent in representing ACP and that the law of agency requires Mr. Surrick to account for any "profit, gain or advantage" he acquired during this representation. We agree that an agent "is subject to a duty not to compete with the principal

1. Mr. Surrick argues that the corporation effectively withdrew these proposed points for charge and that it therefore has waived any challenge to the instructions. We disagree. Although we recognized that counsel for the corporation offered to remove the words "agent" and "agency" from the proposed points and to insert the words "officer and director," we do not believe this minor change of terminology would have altered the substance of the instruction. The corporation therefore has not waived its right to challenge the denial of its points.

concerning the subject matter of his agency." Restatement (Second) of Agency § 393 (1958). Nevertheless, "an agent can properly act freely on his own account in matters not within the field of his agency and in matters in which his interests are not antagonistic to those of the principal." *Id.* at § 393, comment a. Nothing in the record of this case indicates that acquisition of the Mini-mall fell within the scope of the agency relationship between the corporation and Mr. Surrick or that the acquisition was otherwise antagonistic to the interests of the corporation. Moreover, nothing in the record suggests that the corporation existed for any purpose other than to practice law. It was not in the land-acquisition business, nor did it authorize Mr. Surrick, either generally or specifically, to acquire land on its behalf. Ownership of the Mini-mall did not necessarily place Mr. Surrick in competition with his law practice.

■ The corporation nonetheless appears to believe that the mere existence of an agency relationship renders the agent liable to his or her principal even for profit earned in transactions that fall outside the agent's authority. None of the cases that the corporation cites in its brief support this extraordinary proposition. In *Kribbs v. Jackson*, 387 Pa. 611, 129 A.2d 490 (1957), the defendant had acted as an agent of the plaintiff for the purpose of collecting rent on property that the plaintiff owned. The trial court found that the defendant had fraudulently concealed the full amount of rent collected and had thereby earned a profit in excess of his commission. The court ordered the defendant to account for the fraudulently-earned profit. Our supreme court affirmed, reasoning that "[a]ll profits made and advantage gained by the agent *in the execution of the agency* belong to the principal." *Kribbs, supra,* 387 Pa. at 619, 129 A.2d at 494 (emphasis added). Similarly, in *Graham v. Cummings*, 208 Pa. 516, 57 A. 943 (1904), the shareholders of a corporation had authorized the defendant shareholder to sell their stock. The defendant secretly negotiated to receive a higher amount for his stock than for that of his fellow shareholders. Our supreme court concluded that an

agent "cannot make profits out of his principal *in the business of his agency.*" *Graham, supra,* 208 Pa. at 534, 57 A. at 949 (emphasis added). Thus, the existence of an agency relationship alone does not render the agent liable for any income he or she earns above his or her compensation as an agent. The principal must show some connection between the income and the "business of the agency." Appellant corporation failed to establish this connection in the present case.

Moreover, even if the court erred when it instructed the jury, we will reverse only if the error prejudiced the appellant. *See Gallo v. Yamaha Motor Corp.,* —— Pa.Super. ——, 526 A.2d 359 (1987); *Mickey v. Ayers,* 336 Pa.Super. 512, 485 A.2d 1199 (1984). In light of the trial court's thorough charge on the "corporate opportunity doctrine," the lack of an instruction on agency could not have prejudiced the corporation in this case.[2] The "corporate opportunity doctrine" imposes liability on officers and directors who take personal advantage of business opportunities when these opportunities fall within the "scope of activities" of, and constitute a "present or potential advantage" to, the corporation. *See Seaboard Industries, Inc. v. Monaco,* 442 Pa. 256, 262, 276 A.2d 305, 309 (1971). *See also CST, Inc. v. Mark,* 360 Pa.Super. 303, 520 A.2d 469 (1987). This duty of loyalty is broader than the duty that an agent owes to his or her principal. It prohibits the officer or director from competing with the corporation in any way, even in areas unrelated to the work that the officer or director performs for the corporation. The duty of the agent, on the other hand, extends only as far as the agency relationship itself. The agent can compete with his or her principal in "matters not within the field of his agency." Restatement (Second) of Agency § 394, comment a. Appellant corporation therefore would have gained nothing by having the trial court in its charge characterize Mr. Surrick as an "agent." Nor would the corporation have benefited

**2.** Appellant corporation does not challenge the sufficiency of the "corporate opportunity" instruction. It challenges only the lack of an agency instruction.

from any instruction on the law of agency. If acquisition of the Mini-mall did not breach Mr. Surrick's duty as an officer of the corporation, it certainly did not breach his duty as an agent. The proposed points for charge would only have confused an otherwise adequate discussion of the law.

For the above reasons, we affirm the judgment of the trial court.

Judgment affirmed.