535 A.2d 1060

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John O. KLINGER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 18, 1987.

Filed Dec. 1, 1987.

Reargument Denied Jan. 26, 1988.

528

David F. Dunn, Allentown, for appellant.

Andrea F. McKenna, Assistant District Attorney, Harrisburg, for Com., appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence imposed by the Court of Common Pleas of Dauphin County for appellant's failure to pay the state approximately $109,000 in taxes. For the reasons stated below, we affirm.

At the relevant time period, appellant, John O. Klinger, was president and, along with his wife, sole owner of Fuel Marketing Corporation. Acting on behalf of the corporation, appellant signed and filed an application for a dealer-user's license required by law to engage in the sale of fuels in this Commonwealth. *See* 72 P.S. § 2614.3. The corporation was assigned a license and commenced operating a truckstop known as the Bartonsville Truckstop. Thereafter, appellant sold fuels at said truckstop, collecting along with the price of the fuel, the amount of the fuel use tax and the oil company franchise tax imposed upon the sale of such fuels. *See* 72 P.S. § 2614.1 *et seq.* and 75 Pa.C.S. § 9501 *et seq.* Appellant fell behind in remitting those taxes to the state, however, and, following an audit by the Pennsylvania Department of Revenue, was arrested and charged on October 30, 1984, with four counts each of willful failure or refusal to timely pay the fuel use tax [1] and the oil company franchise tax [2] due for the months of

1. 72 P.S. § 2614.21(a).
2. 75 Pa.C.S. § 9510(c).

February, March, April and May of 1983. The taxes were allegedly due in connection with the sale of diesel fuel at appellant's truckstop.

Appellant filed an omnibus pretrial motion alleging that the relevant acts occurred in Monroe County and that, therefore, jurisdiction was proper in the Court of Common Pleas of Monroe County and not the Court of Common Pleas of Dauphin County. The motion was denied and appellant was tried by a jury and on August 9, 1985, convicted on all eight counts. Appellant filed timely post-verdict motions which the trial court denied in an opinion and order dated January 15, 1986.[3] Appellant was then sentenced on February 19, 1986 to six to twenty-three months imprisonment on each of the eight counts, the sentences to run concurrently. Appellant was also ordered to pay restitution to the Department in the amount of $109,546.00. Thereafter, appellant filed a timely motion to modify sentence and, on March 14, 1986, timely appealed to this Court.

Subsequently, on April 4, 1986, the trial court issued, in appellant's absence, an order entitled an "Order to Correct Sentence." The order changed appellant's sentence to concurrent prison terms of six to twelve months on each of seven counts and a consecutive term of eleven months probation on the remaining count. The restitution amount remained the same.

On appeal, appellant raises the following five issues: (1) whether the trial court improperly and prejudicially construed and applied the statutes under which appellant was convicted; (2) whether the trial court erred prejudicially in defining "willfulness" to the jury; (3) whether the charge to the jury was otherwise prejudicial and inadequate as a whole and in various particulars; (4) whether venue was prejudicially improper; and (5) whether the sentence was unlawful and an abuse of the trial court's discretion.

In connection with issue (1), appellant contends first, that the oil company franchise tax does not apply to the sale of

3. That opinion is reported at 106 Dauphin 375 (1986).

diesel fuel and second, that he is not an actor who can be held criminally responsible under the statute imposing that tax. The oil company franchise tax is imposed under 75 Pa.C.S. § 9502(a), which provides in pertinent part:

> Every oil company ... doing business in this Commonwealth, shall pay an "oil company franchise tax for highway maintenance and construction" which shall be an excise tax of 60 mills upon each dollar of its petroleum revenues....

At the time in question, the statute defined the term "petroleum revenue" in its definitions section, 75 Pa.C.S. § 9501, as:

> All consideration derived from the first sale of petroleum products otherwise subject to liquid fuels taxes to wholesale or retail dealers in this Commonwealth for marketing and distribution or to a direct user....[1]

The term "petroleum products" was and is currently defined, also in 75 Pa.C.S. § 9501, as:

> Any product of the industrial processing of crude oil and its fractionation products manufactured or refined or used for the generation of power used in an internal combustion engine for the generation of power to propel motor vehicles of any kind or character on the public highways. Petroleum products include but are not limited to gasoline, diesel fuel, kerosene, propane and any other product of crude oil used for such purpose. Petroleum products do not include any product used for residential heating purposes or in the generation of electricity by a public utility, rural electric association or municipality.

4. This section of the statute was amended in 1986 to define "petroleum revenue" as:

> An amount derived by multiplying the number of gallons of petroleum products, otherwise subject to liquid fuels taxes, at the time of their first sale to wholesale or retail dealers in this Commonwealth for marketing and distribution or to a direct user plus the number of gallons used by the first seller in this Commonwealth by the average wholesale price....

In arguing that this tax does not apply to the sale of diesel fuel, appellant focuses on the definition of petroleum revenue and its reference to petroleum products "otherwise subject to liquid fuels taxes." Appellant contends that the phrase "liquid fuels taxes" refers solely to the tax on liquid fuels as those fuels are defined in the Liquid Fuels Tax Act, 72 P.S. § 2611a *et seq.* That Act, appellant observes, excludes diesel fuel from the definition of "liquid fuels." *See* 72 P.S. § 2611b, 8th definition. According to appellant then, diesel fuel is not a petroleum product otherwise subject to liquid fuels taxes and, therefore, is not within the ambit of the statute imposing the oil company franchise tax. Appellant sets forth a number of arguments supporting this construction of the statute. After careful review, we conclude that appellant's interpretation and supporting arguments must be rejected.

In construing and interpreting statutes, our object is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). In ascertaining that intent, we may presume that the General Assembly intends the entire statute to be effective and certain. 1 Pa.C.S. § 1922. Indeed, we are to construe every statute, if possible, to give effect to all its provisions. 1 Pa.C.S. § 1921(a). Additionally, when the words of the statute are not explicit, we may ascertain legislative intent by considering matters beyond the words themselves. 1 Pa.C.S. § 1921(c).

■ Applying these principles to resolve appellant's first issue, we conclude that the General Assembly intended the oil company franchise tax to apply to the sale of diesel fuel. The Legislature imposed the tax upon an oil company's petroleum revenues, which it defined as all consideration derived from the first sale of petroleum products otherwise subject to liquid fuels taxes. Importantly, the Legislature specifically defined petroleum products as including diesel fuel used to propel motor vehicles on the public highways. 75 Pa.C.S. § 9501, 6th definition. If we were to adopt appellant's construction that the tax does not apply to sales of diesel fuel, we would virtually eliminate the Legislature's

express inclusion of certain diesel fuel within the definition of petroleum products. We decline to do so. Instead, given the presumption that the General Assembly intends the entire statute to be effective, we will give effect to this language and hold that the oil company franchise tax applies to sales of diesel fuel used to propel motor vehicles on the public highways. *See Habecker v. Nationwide Insurance Company*, 299 Pa.Super. 463, 471, 445 A.2d 1222, 1226 (1982) ("The Legislature is presumed to have intended to avoid mere surplusage in the words, sentences and provisions of its laws."). *See also Wilson v. Central Penn Industrial, Inc.*, 306 Pa.Super. 146, 150, 452 A.2d 257, 259 (1982) (In determining legislative intent, the sections of a statute must be read together and construed with reference to the entire statute.).

The specification of petroleum products "otherwise subject to liquid fuels taxes" within the definition of petroleum revenue does not change our holding. As explained above, appellant contends that the quoted phrase refers only to the tax imposed by the Liquid Fuels Tax Act, 72 P.S. § 2611(a) *et seq.*, which applies primarily to gasoline and which does not apply to diesel fuel. We do not agree, however, that the phrase "liquid fuels taxes" is a specific reference to the tax imposed by the Liquid Fuels Tax Act. If the General Assembly had intended to limit the definition of petroleum revenue to petroleum products subject to taxes imposed by the Liquid Fuels Tax Act, it could have employed a specific reference to that Act. The Legislature did not so limit the definition of petroleum revenue, however. Instead, it used the language "otherwise subject to liquid fuels taxes." Unfortunately, this language is not explicit as it does not specify which taxes, nor define liquid fuels. Considering matters beyond this language, however, *see* 1 Pa.C.S. § 1921(c), we conclude, as did the trial court, that this language is a generic reference to taxes on liquid fuels in general.

We have already discussed the Legislature's express inclusion of certain diesel fuel within the definition of petrole-

um products. We do not believe the General Assembly would specifically include certain diesel fuel within the definition of petroleum products and at the same time exclude all diesel fuel from the operation of the statute by inserting the phrase "otherwise subject to liquid fuels taxes" within the definition of petroleum revenue. Certainly, had the Legislature intended to exclude diesel fuel from the statute's operation, it would have done so much more directly and not have utilized the circuitous route appellant contends it used here.

We also observe that the Department of Revenue, charged with the enforcement and administration of this statute, has issued a regulation which interprets this language to mean "otherwise subject to the liquid fuels tax *or the fuel use tax.*" 61 Pa.Code § 351.1 (emphasis added). Under this interpretation, petroleum revenue includes all consideration derived from the first sale of petroleum products otherwise subject to the liquid fuels tax *or* the fuel use tax. Because the fuel use tax is imposed on diesel fuel, 72 P.S. § 2614.1 *et seq.*, this interpretation of the definition of petroleum revenue is consistent with and supports our conclusion that the Legislature intended the oil company franchise tax to apply to diesel fuel used to propel motor vehicles.

Appellant argues that the Department's clarification of the phrase "otherwise subject to liquid fuels taxes" amounts to an *ultra vires* attempt to correct the statute. We disagree. In our view, the Department has merely interpreted the phrase consistent with the General Assembly's intent, which, to reiterate, is manifested by its express incorporation of certain diesel fuel within the definition of petroleum products. Confirming the Department's interpretation is the fact that the Legislature has not disturbed the regulation since it became effective. *See Hospital Association of Pennsylvania v. MacLeod*, 487 Pa. 516, 410 A.2d 731 (1980). Additionally, as our courts have observed, the construction of a statute by those charged with its

administration and execution is entitled to great weight and should not be disregarded unless clearly erroneous. *Commonwealth, Higher Education Assistance Agency v. Abington Memorial Hospital,* 478 Pa. 514, 387 A.2d 440 (1978); *Commonwealth, Pennsylvania Liquor Control Board v. Burrell Food Systems, Inc.,* 97 Pa.Commonwealth Ct. 101, 508 A.2d 1308 (1986), *appeal denied,* 513 Pa. 636, 520 A.2d 1386 (1987); *Chappell v. Pennsylvania Public Utility Commission,* 57 Pa.Commonwealth Ct. 17, 425 A.2d 873 (1981). The Department's construction is not clearly erroneous. We therefore give it weight in rejecting appellant's contention with respect to the phrase "liquid fuels taxes" and in concluding that the Legislature intended the oil company franchise tax to apply to sales of diesel fuel used to propel motor vehicles on our public highways.[5]

Having reached the foregoing conclusion, we turn to appellant's contention that he is not properly chargeable with criminal responsibility under the statute imposing the oil company franchise tax. That statute, appellant argues, does not include provisions charging a corporate official with criminal responsibility for the acts or omissions of a corporate taxpayer.[6] Accordingly, appellant concludes, only Fuel Marketing Corporation, the oil company subject to the

5. According to appellant, interpreting the phrase "liquid fuels taxes" to mean something other than the tax on liquid fuels as those fuels are defined by the Liquid Fuels Tax Act, renders the statute unconstitutionally void for vagueness and violates the principle that tax statutes are to be strictly construed in favor of the taxpayer. We disagree. As set forth above, the General Assembly specifically enumerated diesel fuel as a petroleum product whose sale is subject to the oil company franchise tax. In constructing the foregoing arguments, appellant ignores the definition of petroleum product and turns instead to an entirely different statute, the Liquid Fuels Tax Act, to construe what the Legislature intended when it included the phrase "otherwise subject to liquid fuels taxes" within the definition of petroleum revenue. As our discussion of this issue indicates, however, we have found it unnecessary to divine the application of the oil company franchise tax by referring to the Liquid Fuels Tax Act. We, therefore, reject appellant's arguments.

6. Appellant contrasts this omission from the oil company franchise tax statute with the provisions of the Fuel Use Tax Act. *See* 72 P.S. § 2614.2, 8th definition and 72 P.S. § 2614.21(a).

oil company franchise tax in this case, can be prosecuted for a failure to pay that tax.

■ Our Supreme Court addressed a similar contention in *Commonwealth v. Shafer*, 414 Pa. 613, 202 A.2d 308 (1964). In that case, the president of a corporation was charged with violating Section 823 of the Penal Code of 1939 [7] and indicted for non-payment to the Commonwealth of sales tax monies allegedly collected by the corporation and not remitted to the Commonwealth. The defendant argued that it was only the corporation, and not himself, as an individual, which could be prosecuted under Section 823. The Supreme Court found this contention without merit and held that the defendant, as president and the principal officer of the corporation, was subject to prosecution under Section 823. The Court relied on *Commonwealth v. Stone*, 187 Pa.Super. 225, 144 A.2d 614 (1958), *aff'd*, 395 Pa. 584, 150 A.2d 871 (1959), in which this Court stated that "[i]ndividuals are subject to indictment for acts done under the guise of a corporation where the individual personally so dominated and controlled the corporation as to immediately direct its action." *Id.*, 187 Pa.Superior Ct. at 229, 144 A.2d at 616. The evidence in the instant case demonstrates that appellant personally dominated and controlled the affairs of the corporate taxpayer.[8] We, therefore, reject appellant's contention and find that appellant is subject to prosecution under the oil company franchise tax statute.[9]

Appellant's next issue concerns the culpability required to establish violations for non-payment of the fuel use and oil company franchise taxes. Appellant was charged with will-

7. Act of June 24, 1939, 18 P.S. § 4823 (repealed 1972).

8. It is undisputed that appellant was president, director and principal shareholder of Fuel Marketing Corporation during the relevant period. Importantly, the testimony at trial demonstrates that it was appellant who made the decision not to pay the taxes at issue in this case.

9. Additionally, although we do not decide, it is arguable that appellant is criminally responsible for non-payment of the oil company franchise tax by virtue of 18 Pa.C.S. § 307(e), which imposes legal accountability on one acting or under a duty to act for a corporation. *See Commonwealth v. Albarano*, 314 Pa.Super. 233, 460 A.2d 1115 (1983).

ful failure or refusal to remit each of these taxes.[10] At trial appellant attempted to present a defense of good faith by proffering evidence that he fell behind in paying these taxes because he had previously incurred substantial financial obligations which had to be met instead. Those obligations, appellant asserted, resulted from improvements that the Pennsylvania Department of Transportation and the township had required him to make in order to prevent runoff from his property onto the highway. Appellant also offered evidence that, at the time the taxes in question were due, he was making payments for taxes owed prior to that time. The trial court sustained Commonwealth objections to the admission of such evidence. Thereafter, in charging the jury as to the mental state required for conviction, the trial court explained the meaning of the term "willful," relying upon definitions found in the Crimes Code at 18 Pa.C.S. § 302. The trial court also refused appellant's request that it instruct the jury on mitigating circumstances relating to appellant's good faith defense, the court finding such circumstances irrelevant to the definition of willfulness. Appellant alleges trial court error in precluding evidence and an instruction regarding his good faith defense and in defining willfulness to the jury, arguing that these errors entitle him to a new trial.

We believe, as did the trial court, that this Court's *en banc* decision in *Commonwealth v. Kimble*, 323 Pa.Super. 499, 470 A.2d 1369 (1984), controls our resolution of this issue. The appellant in that case was convicted of failure to file sales tax returns and to remit sales tax monies collected as required by the Tax Reform Code of 1971, 72 P.S. § 7268. The appellant had alleged at trial that his failure to remit sales tax monies which he had collected was involuntary because the money was in a bank account that had been frozen by the actions of his creditors. On appeal, the

---

**10.** We note that while the statute imposing the oil company franchise tax requires that a criminal violation be committed willfully, the Fuel Use Tax Act omits any reference to the type of culpability sufficient for the commission of a criminal violation. The Commonwealth, however, elected to charge appellant with willful non-payment with respect to both taxes. *See* 18 Pa.C.S. § 305(b).

appellant argued that the trial court "erred in instructing the jury that a 'willful' violation of the tax statute would be a basis for criminal liability and that appellant's good faith in withholding from the Commonwealth the tax monies due it was not a defense to the crime charged." *Id.*, 323 Pa.Superior Ct. at 510–511, 470 A.2d at 1375. The appellant further urged that "an act is willful when it is *both* intentional and voluntary, and that the lower court's instructions to the jury that an act may be willful despite the good faith with which it is performed, is tantamount to creating a strict liability crime." *Id.*, 323 Pa.Superior Ct. at 511, 470 A.2d at 1375–1376. An *en banc* panel of this Court disposed of these arguments as follows:

> We agree with the conclusion reached by the lower court that a charge which would direct the jury to acquit appellant, should it conclude that appellant acted in good faith in refusing to remit sales tax monies to the Commonwealth, was not proper in the case at bar since the criminal statute in question, 72 P.S. § 7268, does not provide for such a "good faith" defense. We regard the fact that 72 P.S. § 7269 *does* provide for a limited good faith defense in a limited *civil* context, coupled with the fact that the preceding criminal section presently subject to our scrutiny (Section 7268) is totally barren of such ameliorative language, are reflective of a conscious election by our legislature to limit the application of a good faith defense to civil tax litigation. Section 7268 requires that a violation of its provisions be "willful." Insofar as the lower court correctly charged the jury concerning the necessity of a willful failure to remit tax monies as grounds for appellant's conviction, we reject appellant's contention that the court below usurped the function of the jury by removing from its consideration the possible good faith of appellant as it may have impacted upon the willfulness and voluntariness of appellant's behavior.

*Id.*, 323 Pa.Superior Ct. at 511–512, 470 A.2d at 1376 (footnotes omitted).

■ In our view, the facts and circumstances present in *Kimble* are sufficiently analogous to those occurring in the instant case to apply its reasoning and holding here. Importantly, as in *Kimble,* the appellant in this case collected the tax monies in question from the purchaser and then failed to remit those monies to the Commonwealth as required by law. Accordingly, focusing on the language of the statutes as we did in *Kimble,* we find that neither statute under consideration here provides for a good faith defense to the violations in question. *See* 72 P.S. § 2614.-21(a); 75 Pa.C.S. § 9510(c). The trial court, therefore, did not err in excluding evidence of appellant's good faith, nor in refusing to instruct the jury regarding such evidence. Additionally, comparing the trial court's instruction on "willfulness" in this case with the instruction which we approved in *Kimble,* we conclude that the trial court correctly charged the jury on this element. Appellant's second issue is therefore without merit.[11]

Appellant's next issue raises additional challenges to the trial court's charge to the jury. Appellant alleges that the charge was fatally defective in that the trial court: (1) did not define the elements of the offense; (2) did not instruct on the presumption of innocence; (3) failed to define reasonable doubt; (4) refused to give appellant's point for charge on culpability; (5) commented prejudicially on appellant's alleged mitigating circumstances; and (6) erroneously characterized the taxes at issue as consumer excise taxes to which a trust fund theory applies.

■ In evaluating a trial court's instructions, we review the charge as a whole. *Commonwealth v. Ohle,* 503 Pa.

---

11. Appellant argues that the statutes at issue in this case demonstrate a "purpose to impose further requirements" with respect to the element of willfulness, *see* 18 Pa.C.S. § 302(g), which does not appear in the sales tax law at issue in *Kimble.* Appellant asserts that, consequently, the trial court reversibly erred when it refused his request for an instruction that willfulness be interpreted with respect to all of the language of the statutory section in which it appears and that, in fact, willfulness be construed as "intentional" as defined in 18 Pa.C.S. § 302(b)(1). We have reviewed the relevant sections of each statute and conclude that appellant's contentions are without merit.

566, 470 A.2d 61 (1983); *Commonwealth v. Sparks,* 351 Pa.Super. 320, 505 A.2d 1002 (1986). We may not predicate a finding of error upon isolated excerpts of the charge as it is the general effect of the charge that controls. *Commonwealth v. Smith,* 343 Pa.Super. 435, 495 A.2d 543 (1985). Even if the court erred when it instructed the jury, we will reverse only if the error prejudiced the appellant. *Levy and Surrick v. Surrick,* 362 Pa.Super. 510, 524 A.2d 993 (1987). *See Commonwealth v. Ohle, supra.*

■ Reviewing the charge in the instant case and considering it as a whole, we conclude that the trial court adequately instructed the jury on the elements of the offenses in question. According to appellant, the elements of each offense include the fact that a tax was due, that a tax due was unpaid, that appellant is a proper actor to be charged with alleged criminal non-payment and that the non-payment was willful. The court focused its charge on the element of willfulness. As we concluded above, the court adequately explained that element to the jury. Moreover, while the judge did not specifically list and precisely define each of the first three elements, he did mention them in explaining the issues the jury was to decide. The failure to expand on those elements does not, in our view, constitute reversible error. Significantly, the court believed, correctly, that there were no factual disputes with respect to those elements. Indeed, appellant admitted at trial that he collected both the fuel use taxes and the oil company franchise taxes for the months in question and that those taxes remained unpaid. N.T. 8/8/85, 128–129. Additionally, it was undisputed that appellant, in his capacity as president, director and principal shareholder of Fuel Marketing Corporation, directed and controlled the affairs of that corporation. By declining to expand on the first three elements and focusing instead on the element of willfulness, the judge was merely clarifying the issues for the jury. *See Commonwealth v. Ford–Bey,* 504 Pa. 284, 472 A.2d 1062 (1984). We find that the elements were sufficiently ex-

plained to guide the jury in resolving the issues present in this case.[12]

■ Turning to appellant's second contention, we observe that the trial court did not include in its charge a reference to the presumption of innocence. In *Kentucky v. Whorton*, 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979), however, the Supreme Court of the United States held that the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Interpreting its decision in *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), the Supreme Court explained that such a failure must be evaluated in light of the totality of the circumstances—including all the instructions, the arguments of counsel, whether the weight of the evidence was overwhelming and other relevant factors—to determine whether the defendant received a constitutionally fair trial. Instantly, although the court did not charge on the presumption of innocence, it did instruct the jury that the burden was on the Commonwealth to prove each element of the offense beyond a reasonable doubt. Additionally, the record includes more than sufficient evidence to establish that appellant's failure to pay the taxes in question was "willful," as that element has been explained herein. Finally, absent from this case are any allegations of improper or prejudicial remarks by counsel during argument. *See Taylor v. Kentucky, supra*, 436 U.S. at 486–488, 98 S.Ct. at 1935. Considering the totality of these circumstances, we conclude that the trial court's failure to instruct on the presumption of innocence was not fatal and did not deprive appellant of a fair trial.

12. We note that appellant raised questions of law with respect to the first three elements, specifically, (1) whether the oil company franchise tax applies to diesel fuel and therefore, whether any tax was due under the statute imposing that tax; and (2) whether appellant, as a corporate official who controlled the affairs of a corporate taxpayer, could be charged with criminal responsibility under that act. These questions, however, were not for the jury, but rather, for the court to decide.

■ Appellant alleges next that the trial court did not adequately define reasonable doubt. The court defined reasonable doubt as "the type of doubt that would cause a careful, prudent person to hesitate in acting if [sic] a matter of importance." N.T. 8/9/85, 148. As this Court has previously observed, there is no exact formula that must invariably be followed in charging the jury as to reasonable doubt. *Commonwealth v. Rodriguez*, 343 Pa.Super. 486, 495 A.2d 569 (1985). Upon review of the relevant case law, we conclude that the court adequately instructed the jury on this point. *See Commonwealth v. Gay*, 489 Pa. 17, 413 A.2d 675 (1980); *Commonwealth v. Cartagena*, 482 Pa. 6, 393 A.2d 350 (1978); *Commonwealth v. Ferguson*, 289 Pa.Super. 163, 432 A.2d 1103 (1981).

Appellant also alleges that the trial court erred in refusing to give his point for charge on the statutory definitions of intentionally, knowingly and recklessly as found in 18 Pa.C.S. § 302(b). The Commonwealth charged appellant with "willful" failure or refusal to remit the taxes at issue. In disposing of appellant's second issue, we found that the trial court properly instructed the jury regarding "willfulness." Accordingly, the court did not err in refusing appellant's point for charge.

■ Appellant did not raise specific objections with respect to his fifth and sixth allegations before the jury retired to deliberate. Consequently, those allegations are waived and we do not consider them. Pa.R.Crim.P. 1119(b); *Commonwealth v. Jensch*, 322 Pa.Super. 304, 469 A.2d 632 (1983); *Commonwealth v. Crawford*, 285 Pa.Super. 169, 427 A.2d 166 (1981); *Commonwealth v. Jefferson*, 271 Pa.Super. 199, 412 A.2d 882 (1979).

■ In his fourth issue, appellant alleges improper venue in Dauphin County. He argues specifically that the proceedings should have been brought in Monroe County in that the truckstop was located in that county and all relevant transactions occurred at that location. We find that the trial court correctly rejected this argument based upon our decision in *Commonwealth v. Boyle*, 347 Pa.Super. 602,

500 A.2d 1221 (1985), *appeal granted*, 512 Pa. 191, 516 A.2d 338 (1986). The appellant in that case was a restaurant owner charged with failing to file sales tax returns and make sales tax payments to the Commonwealth in violation of the Tax Reform Code of 1971, 72 Pa.S. § 7268(b). In the majority opinion, this Court indicated that venue would be proper in any county in which the appellant could have filed the required tax returns, holding specifically that the county where the restaurant was located did not have proper subject matter jurisdiction since it did not have a branch office of the Department of Revenue. *Id.*, 347 Pa.Superior Ct. at 604–605, 500 A.2d at 1222.

As in *Boyle*, both taxes involved in the instant case are required to be paid to the Department of Revenue, which has its main office in Harrisburg, Dauphin County. The proceedings, therefore, were properly instituted in Dauphin County and appellant's allegation of improper venue is also without merit.

In his final issue, appellant challenges his sentence on a number of grounds. He contends specifically that: (1) the sentence imposed on February 19, 1986 was illegal in that it (a) included a prison term for his convictions under the Fuel Use Tax Act and (b) exceeded the maximum allowed by statute; (2) the trial court's order correcting that sentence was null and void because it was entered in his absence and after the trial court lost jurisdiction to impose it; (3) the trial court imposed these sentences without ordering a pre-sentence investigation report and without explaining its reasons for dispensing with one; and (4) any sentence of imprisonment is excessive under the circumstances of this case.

Preliminarily, we observe that appellant's third and fourth contentions raise discretionary aspects of the trial court's sentence. In the recent decision of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), our Supreme Court mandated that a party appealing the discretionary aspects of a sentence comply with Pa.R.A.P. 2119(f)'s requirement that he set forth a "concise statement

of the reasons relied upon for allowance of appeal." The Court explained that this rule was promulgated to implement 42 Pa.C.S. § 9781(b), which provides that:

> The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

*Id. See also* Note accompanying Pa.R.A.P. 902 (providing that a notice of appeal under that rule operates as a "petition for allowance of appeal" under the Sentencing Code and commenting that the filing of the "petition for allowance of appeal" is deferred by the rules until the briefing stage, "where the question of the appropriateness of the discretionary aspects of the sentence may be briefed and argued in the usual manner").

Instantly, appellant's brief fails to comply with Pa.R.A.P. 2119(f) as it does not contain a separate section stating "the reasons relied upon for allowance of appeal with respect to the discretionary aspects of [appellant's] sentence." Accordingly, appellant has not properly presented his third and fourth contentions for appeal and we do not consider them.

▉ Appellant argues with respect to his first contention that he is subject to imprisonment as a corporate officer under the Fuel Use Tax Act only if he failed to fulfill *both* his duty to file the required report and to pay the tax owed. Appellant relies on the following language of 72 Pa.S. § 2614.21(a):

> ... and in the case of a corporation any officer thereof, whose duty it was to make the report required by this act, shall be subject to imprisonment, as aforesaid, for failure to make the report required and attend to the payment of tax imposed by this act.

Because he filed the required reports in this case, appellant contends his sentence of imprisonment for violations of the Fuel Use Tax Act is unlawful. We disagree. The first sentence of Section 2614.21(a) provides in pertinent part:

> Any person who shall fail, neglect or refuse to make the report, *or* pay the tax, penalties and interest imposed by this act, . . . , shall be guilty of a misdemeanor, and, upon conviction thereof, be sentenced to pay a fine of not less than two hundred fifty dollars ($250) and not exceeding one thousand dollars ($1,000) and costs of prosecution or to undergo imprisonment for not more than one (1) year, or both. (emphasis added).

"Person" is defined in Section 2614.2 of the Act as follows:

> "Person" shall mean and include every natural person, association or corporation. Whenever used in any clause prescribing and imposing a fine or imprisonment, or both, the term "person" as applied to association shall mean the partners or members thereof and as applied to corporations the officers thereof.

Considering the foregoing language together with the language upon which appellant relies, we find that the Fuel Use Tax Act clearly contemplates that a corporate officer may be sentenced to prison if he merely fails to "attend to payment" of the tax. Such a construction effectuates the intention of the General Assembly and is, in fact, necessary to give effect to all of the statute's provisions. 1 Pa.C.S. § 1921(a).

█ Nevertheless, we agree that appellant's original sentence, imposed on February 19, 1986, was illegal. Appellant was charged with four counts each of willful failure to pay the fuel use tax and the oil company franchise tax. The statutes imposing those taxes each set a maximum sentence of imprisonment of one year. 72 P.S. § 2614.21(a); 75 Pa.C.S. § 9510(c). Therefore, the sentence of six to twenty-three months imprisonment on each of the eight counts exceeded the statutory maximum and was illegal.

As set forth above, the trial court entered an order on April 4, 1986 purporting to correct its original sentence.

We do not address whether or not that order was validly entered because, having determined that the original sentence was illegal, we may vacate and amend that sentence directly. *Commonwealth v. Johnston*, 348 Pa.Super. 160, 501 A.2d 1119 (1985), *aff'd*, 515 Pa. 454, 530 A.2d 74 (1987); *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985); *Commonwealth v. Britton*, 334 Pa.Super. 203, 482 A.2d 1294 (1984), *appeal dismissed*, 509 Pa. 620, 506 A.2d 895 (1986). The trial court's order of April 4, 1986 is a clear indication of the trial court's intent with respect to an amended sentence. We, therefore, would not be substituting our judgment for that of the trial court by amending appellant's sentence as provided in the April 4th order. *See Commonwealth v. Britton, supra*, 334 Pa.Super. at 222, 482 A.2d at 1304. Accordingly, the sentence of February 19, 1986 is vacated and appellant is sentenced to concurrent terms of imprisonment of six to twelve months on each of the first seven counts and a consecutive term of probation of eleven months on the eighth count. Appellant is also directed to make restitution in the amount of $109,546.40 and to pay the costs of prosecution.

Having disposed of each of appellant's issues, we affirm the judgment of sentence as amended in this opinion.

As amended, the judgment of sentence. is affirmed.

WIEAND, J., concurs in the result.

TAMILIA, J., files a concurring statement.

TAMILIA, Judge, concurring:

I concur in the result. I would join the majority except that I disagree with the manner in which it deals with the issue relating to the discretionary aspects of the sentence. The Commonwealth has not objected to appellant's raising this issue so I would consider it. Upon review of the sentencing transcript, appellant's objection to the failure of the court to order a presentence report is without merit, as the information obtained there was adequate for sentencing purposes. The excessiveness of sentence allegation is also

without merit in light of the facts of this case and the consideration given to that aspect of the case by the sentencing judge. Notwithstanding, any illegality of sentence is corrected by the majority in its disposition of this case.